## PEARSON ET VIR v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 264. Argued January 28, 1925.—Decided March 2, 1925.

Where the Government erected and used buldings on leased land with the oral permission of the lessee, and subsequently removed them, although the lessors contended that the right to do so had expired by the terms of the lease, *held;* (a) That, in the absence of proof that the Government had knowledge of the terms of the lease or of the lessors' acquiescence in the user, no relation

of landlord and tenant existed between the lessors and the United States under the lease from which an agreement of the latter to pay for the property could be implied.   P. 426.   (*b*) The Government having removed the buildings under claim of right, no agreement to pay as for property taken for public use could be implied.   P. 427.

58 Ct. Cls. 485, affirmed.

APPEAL from a judgment of the Court of Claims dismissing the petition on demurrer

*Mr. George F. Williams,* with whom *Mr. Henry C. Clark* was on the brief, for appellant.

*Mr. Solicitor General Beck* and *Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, were on the brief for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This action was brought under the Tucker Act[1] by Margaret W. Pearson and her husband to recover the value of buildings and improvements erected by the War Department on leased premises and removed after the expiration of the lease.  The United States demurred to the petition on the ground that it did not state a cause of action within the jurisdiction of the court.   The demurrer was sustained, and the petition dismissed.   58 Ct. Cls. 485.

The petition shows the following facts: On September 11, 1917, the claimants leased to the Chamber of Commerce of Jacksonville, Florida, a tract of land, to be used solely for federal camp purposes, for the maximum term of three years.   The lease provided that all buildings and improvements placed upon the land during said term by the lessee, its successors or assigns, should re-

---

[1] Act of March 3, 1887, 24 Stat. 505, c. 359; Jud. Code, § 145.

main " the exclusive property of the lessee, its successors
or assigns," and might be removed within the period
of three months after the expiration of the lease.
Shortly after the execution of the lease the Chamber of
Commerce agreed " verbally " with the War Department
that the land might be used and occupied as a portion of
a training camp for United States troops; and the
claimants acquiesced in and consented to its use and oc-
cupancy by the United States under and subject to the
terms, conditions and provisions of the lease. The land
was thereafter included in Camp Joseph E. Johnston.
The War Department erected thereon a base hospital,
homes for nurses and other buildings, and placed exten-
sive improvements thereon. By a general provision in
an Act of March 3, 1919,[2] this and other Camp hospitals
were " permanently transferred to the Treasury Depart-
ment for the use of the Public Health Service," with so
much of their equipment, sites and leases, and such other
buildings and land as might be required. The lease to
the Chamber of Commerce expired on September 11,
1920. On December 9, 1920, the plaintiff's attorney
wrote the Commanding Officer of Camp Johnston that
by the terms of the lease all right of occupation and of
entry and removal of buildings would cease on Decem-
ber 11, and that on that date the property should be
finally surrendered to the plaintiffs without further re-
moval or molestation of any of the property remaining
thereon; and suggesting a conference in reference to the
matter. The Commanding Officer replied to him that
the hospital had been transferred to the Public Health
Service, to which his letter had been referred, and with
which the matter should be taken up. After some fur-
ther correspondence, the Surgeon General of the Public
Health Service, on March 28, 1921, wrote the claimants'

---

[2] 40 Stat. 1302, c. 98, § 2.

attorney, describing the land as the Pearson Tract " oc-
cupied by the United States," and stating that: " Owing
to the necessity of salvaging certain materials placed
upon the property by the Government and now needed
elsewhere for hospital purposes, the use of the premises
will be required until about May 1, 1921." On April 6
the claimants' attorney replied reiterating the claim that
under the terms of the lease all buildings, etc., were then
part of the property and legally were no longer subject
to removal; and suggesting a conference and proper
adjustment of the matter. Without replying to this
letter the Public Health Service continued to tear down
and remove all the buildings and improvements that had
been placed upon the land, and completed such removal
by the end of June, 1921.

The petition alleges that the value of the buildings and
improvements thus removed exceeds $100,000, and prays
judgment against the United States for the full value
of the property " removed as aforesaid from said lands
in violation of the rights of petitioners."

1. The petition does not allege any contract by the
United States, either express or implied in fact, to pay
the claimants the value of the buildings and improve-
ments removed by it. Nor does it set forth facts on
which such a contract will be implied. It does not ap-
pear from the petition that the United States stood in
any contractual relation with the claimants, as an as-
signee of the lease or otherwise. On the contrary it
appears that it merely used the land under the oral per-
mission of the Chamber of Commerce. And while the
claimants allege, in general terms, that they acquiesced
in and consented to such use and occupancy subject to
the terms of the lease, it is not shown that the War De-
partment either knew this fact or had any knowledge of
the terms of the lease. Therefore, whatever may be the
construction and effect of the lease as to the right of

removing buildings and improvements, or the implied obligation of the lessee or its assigns in regard thereto, the petition fails to show that as between the claimants and the United States there existed any relationship of landlord and tenant under the lease from which an agreement to pay for the property can be implied.

2. The petition shows no ground of recovery on an implied agreement upon the part of the Government to pay the claimants for property taken for public use. No recognition of the plaintiffs' title is alleged in the petition. On the contrary the facts shown plainly indicate that the buildings and improvements were removed by the Government as its own property under the claim of right. Under these circumstances no agreement to pay for them can be implied. Whether the Government's claim was well or ill founded, is immaterial. If it was unfounded, and the claimants' property rights violated, the cause of action therefor would be one sounding in tort, for which the Tucker Act affords no remedy. *Klebe v. United States,* 263 U. S. 188, 191, and cases cited.

The demurrer was rightly sustained, and the judgment is

*Affirmed.*